**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50422 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00381-PA-1 |
| v. | |
| JORGE ANTONIO ZAMORA GONZALEZ, AKA Jorge Gonzalez, AKA Antonio Zamora, AKA Jorge Zamora, AKA Jorge Antonio Zamora, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 7, 2020**
San Francisco, California

Before: BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Jorge Zamora Gonzalez appeals the district court's order denying his motion to dismiss his indictment for reentry after removal. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A defendant may collaterally attack the validity of a predicate removal order under 8 U.S.C. § 1326(d). To mount a successful collateral attack on the removal order, the defendant must show "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Under our precedents, a "predicate removal order satisfies the condition of being 'fundamentally unfair' for purposes of § 1326(d)(3) when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

Zamora Gonzalez's collateral attack on his underlying deportation order does not satisfy the requirements of § 1326(d). Zamora Gonzalez does not establish that he suffered prejudice as a result of the alleged defect in the immigration proceeding because he fails to show that it was plausible the immigration court would have

granted his application for a § 212(h) waiver. Zamora Gonzalez does not present sufficient evidence demonstrating that his family will suffer extreme hardship if he were to be deported. *See United States v. Muro-Inclan*, 249 F.3d 1180, 1185 (9th Cir. 2001) (citing *United States v. Arce-Hernandez*, 163 F.3d 559, 564 (9th Cir. 1998)). Unlike the defendant in *United States v. Arrieta*, 224 F.3d 1076 (9th Cir. 2000), Zamora Gonzalez fails to provide "that 'something more' required . . . to 'remove [his] case from the "typical" hardship category.'" *Muro-Inclan*, 249 F.3d at 1186 (alteration in original) (quoting *Arrieta*, 224 F.3d at 1082).

Furthermore, the district court properly declined to address Zamora Gonzalez's claim that the immigration court did not have jurisdiction over his deportation proceedings. Zamora Gonzalez has not shown good cause for his failure to include his jurisdictional argument in his original motion to dismiss the indictment. *See United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014). As such, we also decline to address his claim.

**AFFIRMED.**